

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Pat Edwards
Civil District Attorney
Dallas, Texas

Dear Sir:

Opinion No. O-4407
Re: Liability of general
agent of an insurance
company for county oc-
cupation tax.

     In your letter of February 7, 1942, you advise O.
Sam Cummings Agency is the general agent of the Kansas City
Life Insurance Company in Dallas, and request our opinion as
to whether such O. Sam Cummings Agency is liable to Dallas
County for an occupation tax under subdivision 10(b) of Arti-
cle 7047, Vernon's Annotated Civil Statutes, the commissioners'
court of Dallas County having entered an order levying an oc-
cupation tax on any occupation on which the State of Texas
levies such a tax and in an amount equal to half of that lev-
ied by the State. As we understand, the payment of the tax
is resisted on the sole ground that the same is not due in
view of Article 4771, Revised Civil Statutes, reading as fol-
lows:

     "No occupation tax other than herein imposed
shall be levied by the State or any county, city
or town, upon any life insurance company herein
subject to the occupation tax in proportion to its
gross premium receipts, or its agents. The occupa-
tion tax imposed by this law shall be the sole oc-
cupation tax which any company doing business in
this State under the provision of this chapter shall
be required to pay."

     Among other things, Article 7047, Vernon's Annotated
Civil Statutes, provides:

     "There shall be levied on and collected from
every person, firm, company or association of
persons, pursuing any of the occupations named

in the following numbered subdivisions of this article, an annual occupation tax, which shall be paid annually in advance except where herein otherwise provided, on every such occupation or separate establishment as follows:

".  .  .  .

"(b) General and Special Agents.--From each and every person acting as a general or special agent of every insurance company that may transact any insurance business in this State, an annual occupation tax of Twenty-five Dollars ($25.00). By 'general agent' as used herein, is meant any person, whether a member of a firm or association, or as representative or employee, who may exercise a general supervision over the business of any insurance company in this State, or over local agencies, of such insurance companies, or any person supervising such business, or any part thereof, as contradistinguished from a local agent or local agency. By 'special agent' as used herein, is meant any person, whether a member of a firm or association, or as representative or employee, who may exercise supervision in any executive capacity, other than of an officer of such company, over the business of any insurance company in this State, or over the adjustment of losses or the placing of risks. But one payment of the annual occupation tax herein imposed shall be required of any one person under this subdivision."

It will be noted that said Article 4771 was enacted in 1909, while Section 10 (b) of Article 7047 became law in 1931. The last expression of the law-makers must be given effect. An act that is later in point of time controls and repeals an earlier act, insofar as the two are inconsistent and irreconcilable. Fry v. Jackson, 264 S.W. 612; Pross v. Derrouzett Independent School District, 277 S.W. 751; Whittenberg v. Craven, 258 S.W. 152, Com. Apps.; 39 Tex. Jur., pp. 139-145.

Hence, any person falling within the definition of "general agent," as contained in Section 10(b) of Article 7047, is subject to the occupation tax therein levied, and to a county occupation tax of half that amount, where levied by the county.

Our answer to your question is an affirmative one, assuming that O. Sam Cummings Agency falls within such definition.

APPROVED ... 1942

~~Groos Miller~~

FIRST
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Glenn R. Lewis~~

Glenn R. Lewis
Assistant

GRL:db